OPINION
{¶ 1} This is an appeal from a summary judgment for Defendant, Lisa L. Purvis, on her defense of res judicata, in an action commenced by Plaintiff, Miami Valley Hospital ("Miami Valley"), on claims for relief alleging breach of contract. *Page 2 
 {¶ 2} Purvis was involved in an automobile accident on August 22, 1998. Her arm, leg, foot, and pelvis were injured in the accident, requiring numerous surgeries. Purvis was admitted to Miami Valley for treatment for her injuries on fourteen separate occasions, beginning on October 28, 1998 and ending on September 14, 2001.
 {¶ 3} Miami Valley commenced an action against Purvis in 1991, in municipal court, alleging a breach of contract for her failure to pay for services valued at $6,392.12 that Miami Valley rendered on June 7 and 13, 2001. An agreed judgment for Miami Valley in the amount of $6,392.12 was entered in the action on May 6, 2002.
 {¶ 4} On September 30, 2004, Miami Valley commenced the action underlying this appeal in the court of common pleas. Miami Valley alleged a breach or breaches of contract by Purvis for her failure to pay for the services Miami Valley rendered on the other twelve occasions on which Purvis was admitted for treatment. Miami Valley prayed for a judgment of $18,065.00.
 {¶ 5} Purvis filed an answer, pleading res judicata as an affirmative defense. Purvis subsequently moved for summary judgment on that defense.
 {¶ 6} The magistrate to whom the case was referred granted: *Page 3 
Purvis's motion. The magistrate found that all of the bills that are the subject of the current litigation were owed when judgment was entered in the prior action between Miami Valley and Purvis. The magistrate further found that the current action is barred by res judicata because "the series of medical treatments were necessary as a result of a single occurrence, the August 22, 1998 motor vehicle accident." (Dkt 20, p. 6).
 {¶ 7} Miami Valley filed objections to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decision as the judgment of the court. (Dkt. 23). Miami Valley filed a timely notice of appeal.
ASSIGNMENT OF ERROR {¶ 8} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES."
 {¶ 9} A valid, final judgment rendered upon the merits bars all subsequent actions between the same parties on any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Grava v. Parkman (1995), 73 Ohio St.3d 379;
Norwood v. McDonald (1943), 142 Ohio St. 299.
 {¶ 10} The prior action was brought on claims for relief *Page 4 
arising out of Purvis's admission to Miami Valley for care and treatment of injuries Purvis allegedly suffered in the automobile accident. However, the accident was not the subject matter of the previous action between Miami Valley and Purvis, as the magistrate found. Rather, the subject matter of that action was Miami Valley's claim for breach of contract for Purvis's failure to pay for services Miami Valley rendered.
 {¶ 11} The relevant inquiry for purposes of Purvis's res judicata defense is whether the claims asserted in the current action arose from the same transaction or series of connected transactions out of which the claims arose in the prior action in which a final judgment was entered. Restatement of the Law 2d, Judgements (1982) 196, Section 24(1). For that purpose, a transaction is an event having a "common nucleus of operative facts." Id., Comment (b) to Section 24.
 {¶ 12} Addressing this question, the Supreme Court wrote inNorwood v. McDonald:
 {¶ 13} "It is to be observed that `in the application of the doctrine of res judicata, if it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same *Page 5 
evidence would sustain both. If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other.' 30 American Jurisprudence, 918, Section 174. See, also, 2 Freeman on Judgments (5 Ed.), 1447, Section 687; Bell v. Merrifield, 109 N.Y. 202, 16 N.E. 55,4 Am.St.Rep. 436; Curtiss v. Crooks, Trustee, 190 Wash. 43, 66 P.2d 1140."Id. at 71.
 {¶ 14} Purvis argues that the principle announced in Norwood v.McDonald has since been rejected by the Supreme Court in subsequent decisions. We do not agree.
 {¶ 15} In Grava v. Parkman, the Supreme Court overruled Norwood v.McDonald, in part, but not with respect to the holding quoted above. Further, the holding in Grava v. Parkman that res judicata bars all claims that could have been brought in the prior action remains subject to the requirement that the claims in the two actions must arise from the same transaction or series of connected transactions, or a common nucleus of operative facts. Marbella Associates v. Swaninger (June 1, 1996), Montgomery App. No. 15458. The common nucleus *Page 6 
of operative facts requirement is not avoided by seeking a different remedy in the subsequent action or by presenting grounds or theories of the case not presented in the first. Brown v. City of Dayton,89 Ohio St.3d 245, 2000-Ohio-148. The same facts must be at issue in the two actions. Id.
 {¶ 16} All of the bills that are the subject of the claims asserted in the current action were due and owing when the prior judgment was entered on May 6, 2002. Being unpaid, they could have been joined in that action pursuant to Civ.R. 18. That is so even though the total of the bills in both actions exceeds the jurisdictional limit of actions that may be brought in the municipal court, in which the prior action was filed, because the jurisdictional limit of the municipal court is not a basis to apply the res judicata bar. Kocinski v. Reynolds (Aug. 11, 2000), Lucas App. No. L-99-1318. The proper procedure in that event is to certify the case to the court of common pleas. R.C. 1901.22(E).
 {¶ 17} On the more critical issue, the claims for relief in the current action arising from Purvis's admissions for treatment at Miami Valley on twelve occasions involve facts and require proof different from the facts involved in and the proof required by claims for relief in the prior action, which arose from Purvis's admission for treatment at Miami *Page 7 
Valley on two other occasions. The two actions involve different transactions or occurrences, on different dates and involving different rights and duties of the parties. The claims in the two actions therefore do not share a common nucleus of operative facts. Because of that difference, the res judicata bar does not preclude the second action that Miami Valley filed.
 {¶ 18} The assignment of error is sustained. The judgment from which the appeal was taken will be reversed and the case will be remanded to the trial court for further proceedings.
 WOLFF, P.J. And FAIN, J., concur. *Page 1