[Cite as *Chattree v. Chattree*, 2011-Ohio-1925.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   95051

---

## ARUN K. CHATTREE

PLAINTIFF-APPELLEE

vs.

## RITU CHATTREE

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-696460

**BEFORE:** Boyle, J., Blackmon, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** April 21, 2011

**FOR APPELLANT**

Ritu Chattree, Pro Se
61 Jane Street
Apartment 14-B
New York, New York   10014

**ATTORNEYS FOR APPELLEE**

Lisa Pierce Reisz
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio   43216-1008

Heather M. Lutz
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio   44114-1724

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Ritu Chattree, appeals the trial court's grant of directed verdict in favor of her father, plaintiff-appellee, Arun Chattree, on his single claim for breach of contract.   We affirm.

Procedural History and Facts

{¶ 2} In June 2009, Arun refiled the underlying action against his daughter, Ritu, seeking to collect under a cognovit promissory note signed by Ritu. Arun alleged that, on September 19, 2005, Ritu executed a cognovit promissory note in the principal amount of $187,000 with interest at two percent over prime. Arun further alleged that Ritu has failed to satisfy her obligations under the note, despite his demand for payment.

{¶ 3} Ritu answered the complaint, admitting that she signed the note but stating that she did so under duress. Ritu further asserted several defenses, including that Arun's claim was barred by the doctrine of res judicata and the doctrine of economic duress. Specifically, Ritu argued that Arun's claim should have been brought in the federal case that he filed on August 22, 2008, which involved the same cooperative apartment at issue in the instant case, namely, the 61 Jane Street property.

{¶ 4} This case proceeded to a jury trial where the evidence revealed that Arun assisted Ritu in purchasing the 61 Jane Street property, a cooperative apartment in New York City. Specifically, Arun gave Ritu $450,000 in cash and later co-signed an $843,750 mortgage loan for the purchase of the apartment. Ritu subsequently asked for additional money to cover the costs of renovations needed for the apartment, which exceeded her original budget. Arun agreed to loan Ritu the money provided that she first execute a promissory cognovit note for the full amount of the loan, which was $187,000 plus interest.

{¶ 5}  Ritu testified that Arun did not force her to sign the note but that she was very surprised that her father would want her to sign it; she believed that he was going to assist her with all the renovations.   She further testified that she later presented the note to her attorney and that her attorney witnessed her signing the note in September 2005.   Ritu also acknowledged that she understood that she would have to pay back the amount of money subject to the promissory cognovit note but "just never dreamt [she] would have to pay it three months after [she] moved in [and] in one lump sum."   Arun made a demand of repayment on July 6, 2006, and Ritu admitted that she has not repaid any of the loan.

{¶ 6}  At the close of evidence, the trial court granted Arun's motion for directed verdict, finding that Arun established all of the elements on his breach of contract claim, thereby awarding him $187,000 plus interest at two percent above prime.   The trial court further held that Ritu failed to establish the three- prong test of economic duress to excuse her nonperformance and that Arun's claim was not barred by the doctrine of res judicata.

{¶ 7}  Ritu appeals this decision, raising the following four assignments of error:

{¶ 8}  "[I.] A directed verdict could not have been entered because reasonable minds could have come to more than one conclusion based upon the evidence.

{¶ 9}  "[II.] Genuine issues of material fact exist on the validity of the note to support appellant's contention that a directed verdict is barred.

{¶ 10} "[III.] Appellant has meritorious defenses such that the cognovit note is invalid and judgment should be vacated.

{¶ 11} "[IV.] A directed verdict is barred as a matter of law under the doctrine of res judicata."

Directed Verdict

{¶ 12} In her first three assignments of error, Ritu argues that the trial court erred in granting a directed verdict in favor of Arun.   We disagree.

{¶ 13} We review a trial court's decision regarding a motion for directed verdict de novo.   *Schafer v. RMS Realty* (2000), 138 Ohio App.3d 244, 257, 741 N.E.2d 155.   Civ.R. 50 sets forth the standard of granting a motion for directed verdict:

{¶ 14} "When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to each party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

{¶ 15} In setting forth the standard for a directed verdict, the Ohio Supreme Court has recognized: "it is well established that the court must neither consider the weight of the evidence nor the credibility of the witnesses in disposing of a directed verdict motion. * * * Thus, if there is substantial competent evidence to support the party against whom the motion

is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied." (Internal quotations and citations omitted.) *Wagner v. Roche Laboratories*, 77 Ohio St.3d 116, 121, 1996-Ohio-85, 671 N.E.2d 252. However, when the party opposing the motion has failed to produce any evidence on one or more of the essential elements of a claim, a directed verdict is appropriate. *Hargrove v. Tanner* (1990), 66 Ohio App.3d 693, 586 N.E.2d 141.

{¶ 16} Ritu argues in her first assignment of error that a directed verdict should not have been granted because genuine issues of material fact exist as to the validity of the underlying cognovit promissory note. Specifically, she contends that the previous federal action between her and Arun, whereby her father was granted injunctive relief and recognized as a "beneficial owner" of the apartment, materially altered the terms of the note. She further argues in her second and third assignments of error that her lack of residency in Ohio renders the note invalid and that the trial court failed to consider that she had a meritorious defense against the enforcement of the cognovit note, namely, that the cognovit note was not properly executed in accordance with R.C. 2323.13(A).

{¶ 17} Initially, we note that Ritu does not dispute that Arun presented sufficient evidence to satisfy all of the elements on his breach of contract claim. Instead, she raises arguments attacking the validity of the note under Ohio law. Ritu, however, never raised these arguments below. She has therefore waived all but plain error on appeal. See *Peffer*

*v. Cleveland Clinic Found.*, 8th Dist. No. 94356, 2011-Ohio-450. And we find that these arguments fail to demonstrate any error, let alone plain error.

{¶ 18} First, contrary to Ritu's assertion, we find no basis to conclude that the material terms of the note were altered, thereby excusing Ritu's obligation to repay the loan. Second, Ritu's reliance on R.C. 2323.13 as grounds to excuse her obligation under the note is misplaced. This statute deals with the confession of judgment pursuant to a cognovit note and warrant of attorney provision. But Arun never sought to enforce the cognovit provisions of the note. Indeed, there was never a confession of judgment entered. Instead, Ritu was given the opportunity to defend herself on Arun's breach of contract claim, and this matter proceeded on the merits to a jury trial. See *Precision Seed Co., Inc. v. Ebony Fuel, Inc.*, 10th Dist. No. 04AP-46, 2005-Ohio-752, ¶11 (recognizing that "the holder of a cognovit note may proceed in a conventional action upon the note, without resort to confession of judgment under the warrant of attorney, in any court of competent jurisdiction").

{¶ 19} Our review of the record reveals that the trial court properly granted a directed verdict on Arun's breach of contract claim. To prevail on his claim, Arun had to demonstrate the following elements: (1) the existence of a contract; (2) his performance under the contract; (3) breach by Ritu; and (4) damages he sustained. See *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, 878 N.E.2d 66, ¶18. The record conclusively demonstrates that Arun loaned Ritu $187,000 consistent with the terms of the promissory note and that Ritu has failed

to repay the loan despite Arun's demand. Although Ritu asserted an economic distress defense at trial, she has abandoned that on appeal. We find that reasonable minds could only reach one conclusion and that such conclusion is consistent with the trial court's judgment.

{¶ 20} Finally, to the extent that Ritu raises an issue with the trial court's compliance with Civ.R. 50(E), we find no error. Civ.R. 50(E) states that "[w]hen in a jury trial a court directs a verdict * * *, the court shall state the basis for its decision in writing prior to or simultaneous with the entry of judgment. Such statement may be dictated into the record or included in the entry of judgment." Our review of the record reveals that, consistent with Civ.R. 50(E), the trial court stated the basis for its decision in writing, which was memorialized in the judgment entry.

{¶ 21} The first three assignments of error are overruled.

## Res Judicata

{¶ 22} In her final assignment of error, Ritu argues that the trial court erred in failing to grant her motion for summary judgment or motion for directed verdict on the grounds that Arun's claim was barred by the doctrine of res judicata. She contends that Arun should have brought his claim for breach of the promissory note in his federal action because they both involved the acquisition and renovation of the very same cooperative apartment. We find her argument unpersuasive.

{¶ 23} In *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226, the Ohio Supreme Court set forth the standard for res judicata of a claim as follows: "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of a previous action." Id. at 382. Relying on federal law, the Ohio Supreme Court has identified four elements necessary to bar a claim under the doctrine of res judicata: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, at ¶84, citing *Hapgood v. Warren* (C.A.6, 1997), 127 F.3d 490, 493.

{¶ 24} The sole issue is whether Arun's claim to recover on the promissory note asserted in the underlying action arose from the same transaction or series of connected transactions out of which his 2008 federal court action arose. As to this issue, the Ohio Supreme Court has observed that a "transaction" is a "common nucleus of operative facts." *Grava* at 382, quoting 1 Restatement of the Law 2d, Judgments (1982), Section 24, Comment b. And while the common nucleus of operative facts requirement is not avoided by seeking a different remedy in the subsequent action or by presenting grounds or theories of the case not

presented in the first, the same facts, however, must be at issue in the two actions. *Miami Valley Hosp. v. Purvis*, 2d Dist. No. 21740, 2007-Ohio-4721, ¶15, citing *Brown v. Dayton*, 89 Ohio St.3d 245, 2000-Ohio-148, 730 N.E.2d 958; see, also, *Truax v. Em Industries, Inc.* (1995), 107 Ohio App.3d 210, 668 N.E.2d 524 (despite employee's claims arising out of her employment, court found that the employee's earlier arbitration did not bar employee's subsequent unlawful retaliation suit because they did not involve the same transaction or occurrence).

{¶ 25} We find that the trial court properly determined that res judicata does not apply in this case. Here, the federal court action relates to the titling of the 61 Jane Street property and Ritu's actions in excluding Arun's name on the title prior to purchasing and closing on the property in May 2005. Specifically, in the federal action, Arun asserted claims for breach of fiduciary duty, fraud, and breach of contract, seeking damages and an order of specific performance reforming the title to add his name to the 61 Jane Street property. The facts relevant to Arun's claim in the federal action, however, occurred on or before the May 31, 2005 closing date. Conversely, the underlying action relates to the execution of a promissory note on September 19, 2005, almost four months after the closing and titling of the 61 Jane Street property. Further, the evidence and facts relevant to Arun's claim on the promissory note are separate and distinct from his claims relating to the title of the property and Ritu's actions in deceiving him on his investment in the apartment.

−11−

**{¶ 26}** Accordingly, the fourth assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR