[Cite as *BAC Home Loans Servicing, LP v. Moore*, 2012-Ohio-6284.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                                    |   |                      |
|------------------------------------|---|----------------------|
|                                    | : | JUDGES:              |
| BAC HOME LOANS SERVICING, LP       | : | W. Scott Gwin, P.J.  |
|                                    | : | John W. Wise, J.     |
| Plaintiff-Appellee                 | : | Julie A. Edwards, J. |
|                                    | : |                      |
| -vs-                               | : | Case No. 12 CA 50    |
|                                    | : |                      |
|                                    | : |                      |
| CHARLES MOORE, et al.,             | : | O P I N I O N        |
|                                    |   |                      |
| Defendants-Appellants              |   |                      |


CHARACTER OF PROCEEDING:      Civil Appeal from Licking County
Court of Common Pleas Case No.
11 CV 0934

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      December 24, 2012

APPEARANCES:

For Plaintiff-Appellee      For Defendants-Appellants

ERIC T. DEIGHTON      JOHN SHERROD
C. SCOTT CASTERLINE      Mills, Mills, Fiely & Lucas, LLC
Carlisle, McNellie, Rini, Kramer      503 South Front Street, Suite 240
& Ulrich, Co., LPA      Columbus, Ohio 43215
24755 Chagrin Blvd., Suite 200
Cleveland, Ohio 44112

*Edwards, J.*

{¶1} Appellants, Veronica and Charles Moore, appeal a summary judgment of the Licking County Common Pleas Court. Appellee is BAC Home Loans Servicing, L.P.

STATEMENT OF FACTS AND CASE

{¶2} On July 14, 2012, appellee filed the instant foreclosure action. Appellee filed a motion for summary judgment. Appellants filed a memorandum contra the motion for summary judgment, arguing that questions of fact existed as to whether the notice condition precedent was satisfied and whether the note and mortgage were separated. Appellants also argued that appellee failed to submit an authenticated copy of the note in support of its motion for summary judgment.

{¶3} The trial court granted the motion for summary judgment and granted appellee a judgment of foreclosure. Appellants assign a single error on appeal:

{¶4} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT GIVEN THAT APPELLEE DID NOT ATTACH A COPY OF THE APPLICABLE PROMISSORY NOTE IT ALLEGED IT HELD TO ITS MOTION FOR SUMMARY JUDGMENT."

{¶5} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶6} (E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be in sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.

{¶7} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusionary decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983). This appeal shall be considered in accordance with the aforementioned rule.

{¶8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ. R. 56(C) which provides in pertinent part: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶9} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion

and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case.  The moving party must specifically point to some evidence which demonstrates that the moving party cannot support its claim.  If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial.  *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶10} This Court has held that in order to support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing the following:

{¶11} "1.) The movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument;

{¶12} "2.) if the movant is not the original mortgagee, the chain of assignments and transfers;

{¶13} "3.) all conditions precedent have been met;

{¶14} " 4.) the mortgagor is in default; and

{¶15} "5.) the amount of principal and interest due."  *Wachovia Bank of Delaware v. Jackson,* 5th Dist. No. 2010-CA-00291, 2011-Ohio-3202, ¶41-45.

{¶16} An affidavit must demonstrate the following:

{¶17} "1.) the affiant is competent to testify;

**{¶18}** "2.) the affiant has personal knowledge of the facts, as shown by a statement of the operant facts sufficient for the court to infer the affiant has personal knowledge;

**{¶19}** "3.) the affiant must state he or she was able to compare the copy with the original and verify the copy is accurate, or explain why this cannot be done; and

**{¶20}** "4.) the affidavit must be notarized." *Id.* at ¶47-50.

**{¶21}** In addition, any documents the affidavit refers to must be attached to the affidavit or served with the affidavit, and the documentary evidence must be:

**{¶22}** "1.) certified copies of recorded documents; or

**{¶23}** "2.) if business records, must be accompanied by an affidavit attesting that they are business records kept in the regular course of business;

**{¶24}** "3.) the affiant must be familiar with the compiling and retrieval of the records;

**{¶25}** "4.) the affiant must state the records are compiled at or near the occurrence of each event by persons with knowledge of said events; and

**{¶26}** "5.) the records must be authenticated by the custodian of the records or by another witness who has personal knowledge of the records." *Id.* at ¶53-57.

**{¶27}** In the instant case, a copy of the note was attached to the complaint. This note is not authenticated. In support of its summary judgment motion, appellee submitted the affidavit of Justin Nicole Hillberry, an officer of appellee. While the affidavit states that appellee has possession of the note and that the business records attached to the affidavit are true and accurate copies of the original, a copy of the note is not attached to the affidavit. She does not attempt to authenticate the note attached

to the complaint or to incorporate it by reference.  Appellee therefore failed to properly support its motion for summary judgment according to the guidelines set forth by this Court in *Wachovia Bank v. Jackson*, supra.

{¶28}  The assignment of error is sustained.

{¶29}  The judgment of the Licking County Common Pleas Court is reversed. This cause is remanded to that court for further proceedings according to law.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/rad1004

[Cite as *BAC Home Loans Servicing, LP v. Moore*, 2012-Ohio-6284.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, LP | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHARLES MOORE, et al., | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 12 CA 50 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed. This cause is remanded to the trial court for further proceedings according to law. Costs assessed to appellee.

_____

_____

_____

JUDGES