[Cite as *Bank of Am. v. Smith*, 2014-Ohio-2845.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING LP, f.k.a. COUNTRYWIDE HOME LOANS SERVICING, LP, | : | APPEAL NO. C-130306 TRIAL NO. A-1200156 |
| | : | |
| | : | *O P I N I O N.* |
| | : | |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| SANDRA K. SMITH, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| JOHN DOE, SPOUSE OF SANDRA K. SMITH, IF MARRIED (NAME UNKNOWN), | : | |
| MIDLAND FUNDING LLC, | : | |
| CREDIT ACCEPTANCE CORPORATION, | : | |
| | : | |
| CITY OF CINCINNATI, | : | |
| THE STATE OF OHIO DEPARTMENT OF TAXATION, | : | |
| THE UNITED STATES OF AMERICA, | : | |
| and | : | |
| HAMILTON COUNTY TREASURER, | : | |
| Defendants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 30, 2014

*Lerner, Sampson, & Rothfuss* and *Bill L. Purtell*, for Plaintiff-Appellee,

*Dann, Doberdruk & Harshman*, *Marc E. Dann*, *Grace M. Doberdruk* and *Daniel M. Solar,* for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.



**DINKELACKER, Presiding Judge.**

{¶1}   In two assignments of error, defendant-appellant Sandra K. Smith argues that the trial court improperly granted the motion for summary judgment of plaintiff-appellee Bank of America, NA, in this foreclosure case.  We agree.

### Filing of Foreclosure Action
### Leads To Summary Judgment

{¶2}   Bank of America filed a complaint alleging that it was the holder of a note and mortgage on property owned by Smith, and that Smith had failed to make her mortgage payments.  In the first paragraph of the complaint, Bank of America identified the note as "attached exhibit A."  In paragraph two of the second count, Bank of America identified the mortgage as "attached exhibit B."  The documents were not authenticated by affidavit.  In paragraph one of her pro se answer, Smith stated that she "lacks sufficient information and/or knowledge to either admit or deny that Plaintiff is the holder of a certain promissory note."  In paragraph four, she stated that she "lacks sufficient information and/or knowledge to either admit or deny that Plaintiff is the holder of a Mortgage Deed as alleged in paragraph 2 of Plaintiff's Complaint, count 2."

{¶3}   One month after filing her answer, Smith, now represented by counsel, filed a motion to dismiss the complaint on the basis that the copy of the note attached to the complaint was defective.  She claimed that the copy attached to the complaint was different from the copy filed in a previously-dismissed foreclosure action.  "The differences in the endorsements indicate that Plaintiff Bank of America does not own Defendant Sandra Smith's note."  In its response to Smith's argument, Bank of America only argued that "the failure to provide the requisite documents with the filing of Plaintiff's complaint is not grounds for dismissal," and that the

proper recourse was to serve a motion for a more definite statement pursuant to Civ.R. 12(E). Smith did not file a motion for a more definite statement. The trial court never ruled on Smith's motion to dismiss the complaint before granting summary judgment in favor of Bank of America.

{¶4} When Bank of America filed its motion for summary judgment, it concurrently filed an affidavit from an assistant vice president. In the affidavit, the affiant stated that she had "reviewed the attached records," and that Bank of America was in possession of the note. But the only record attached to the affidavit was some account information showing the amount due to Bank of America. This information did not list the complete account history—beginning with a zero balance, listing all the payments and charges, and ending with the amount owed. At no point, did the affiant identify either the note or mortgage attached to the complaint. Based on the motion and affidavit, the magistrate recommended that the trial court grant Bank of America's motion for summary judgment.

{¶5} In her objections to the magistrate's decision granting summary judgment, Smith raised the issue of the failure of Bank of America to properly authenticate the documents pursuant to Civ.R. 56(E). She argued that "[a]t no point in the Motion or Reply does Plaintiff establish through proper evidence under Civ.R. 56(E) that the alleged Note, attached to the Complaint as Exhibit A, is a true and accurate copy of the original blue-ink signed Note in this matter." In response to this argument, Bank of America simply asserted that the documents were attached to the complaint and referenced therein, thus "the note and mortgage were identified into the record." The trial court overruled Smith's objections, and granted Bank of America's motion for summary judgment.

**Bank Failed To Support Summary Judgment
Motion With Properly Authenticated Documents**

{¶6}    In her first assignment of error, Smith argues that Bank of America failed to meet its burden under Civ.R. 56 by failing to properly submit evidence establishing that there was no genuine issue of material fact for trial.  We agree.

{¶7}    In order to establish that it was entitled to summary judgment, Bank of America had to establish (1) that there was no genuine issue as to any material fact; (2) that it was entitled to judgment as a matter of law; and (3) that reasonable minds could come to but one conclusion, and that that conclusion is adverse to Smith, who was entitled to have the evidence construed most strongly in her favor. *See Bostic v. Connor*, 37 Ohio St.3d 144, 524 N.E.2d 881 (1988).  Once a motion for summary judgment  has been made and supported as provided in Civ.R. 56(C), the nonmoving party has a reciprocal burden to set forth specific evidentiary facts showing the existence of a genuine issue for trial, and cannot rest on the allegations or denials in the pleadings.  *Wing v. Anchor Media, Ltd. Of Texas*, 59 Ohio St.3d 108, 111, 570 N.E.2d 1095 (1991).  But, if the moving party does not meet its initial burden, then no duty arises on the part of the responding party to produce evidence in opposition to the motion, and the motion must be denied.  *Stinespring v. Natorp Garden Stores*, 127 Ohio App.3d 213, 216, 711 N.E.2d 1104 (1st Dist.1998), citing *Vahila v. Hall*, 77 Ohio St.3d 421, 430, 674 N.E.2d 1164 (1997).

{¶8}    In a residential foreclosure action, the court is faced with two distinct, but related issues.  *Metro. Life Ins. v. Triskett Illinois, Inc.*, 97 Ohio App.3d 228, 234, 646 N.E.2d 528 (1st Dist.1994).  The first issue presents the legal question of whether the mortgagor has defaulted on the note.  *Id.*  The second issue entails an inquiry into whether the mortgagor's equity of redemption should be foreclosed.  *Id.*  We will address each issue in turn.

**The Note**

{¶9}     In the first count of its complaint, Bank of America claimed that it was the "holder of a certain promissory note," that Smith had breached the terms of the promissory note by failing to make payments, that Bank of America was entitled by the terms of the note to accelerate the indebtedness due, and that it was entitled to payment of the full amount owed, which it stated was $608,585.98, along with assorted other charges and fees.  Bank of America also alleged that it had "satisfied all conditions precedent pursuant to the promissory note."

{¶10}  A promissory note is simply an instrument that evidences an agreement to pay a monetary obligation.  R.C. 1309.102(A)(65).  When a party fails to make payments on the note, that party has breached the terms of that agreement.  In this way, an action to enforce a promissory note is akin to an action for breach of contract.  *See Chattree v. Chattree*, 8th Dist. Cuyahoga No. 95051, 2011-Ohio-1925.  "It is axiomatic that a promissory note, even though its execution may be a condition of another contract, constitutes a separate enforceable contract."  *Fisk Alloy Wire, Inc. v. Hemsath*, 6th Dist. Lucas No. L-05-1097, 2005-Ohio-7007, ¶ 40, citing *Metro. Life Ins.*, 97 Ohio App.3d 228, 646 N.E.2d 528.

{¶11}  To succeed on a breach of contract claim, a plaintiff must demonstrate the existence of a contract, performance by the plaintiff, a breach by the defendant, and resulting damages.  *Huttenbauer Land Co., LLC v. Harley Riley, Ltd.*, 1st Dist. Hamilton No. C-110842, 2012-Ohio-4585, ¶ 8, citing *Brunsman v. W. Hills Country Club*, 151 Ohio App.3d 718, 2003-Ohio-891, 785 N.E.2d 794, ¶ 11 (1st Dist.).  Where, as here, a party seeks to enforce its rights under the terms of a written agreement, the party must produce the writing itself—or some acceptable explanation as to why that document cannot be produced.  This court has held that

> [w]here proof is to be made of some fact which is recorded in a writing, the best evidence of the contents of the writing consists in the actual production of the document itself. And the general rule is that secondary evidence of the contents of a written instrument cannot be admitted until the nonproduction of the original has been satisfactorily accounted for.

*Smith v. Andres*, 1st Dist. Hamilton No. C-77297, 1978 Ohio App. LEXIS 8118 (June 28, 1978).

{¶12} Throughout the proceedings below, Bank of America had claimed that the promissory note was properly incorporated into the record. For the first time on appeal, it argues that the note was properly authenticated because it was self-authenticating as a negotiable instrument pursuant to Evid.R. 902(9). But Bank of America has cited no case law in support of its proposition that a photocopy of a promissory note is self-authenticating when no evidence has been presented that it is a true and accurate copy.

{¶13} Evid.R. 902(9) expressly adopts the tenets of general commercial law in applying the doctrine of self-authentication to commercial paper, signatures thereon, and documents relating thereto. There are four provisions that relate to self-authentication in the commercial code, R.C. 1301.307, 1303.36, 1308.04, and 1303.65. *See* Weissenberger, *Ohio Evidence,* Section 902.97 (2013). But only R.C. 1301.307 addresses the authentication of entire documents, and that statute is limited to certain document types, of which a photocopied promissory note is not one. Two of the remaining statutes address only the authentication of signatures on certain documents. *See* R.C. 1303.36 and 1308.04. And the fourth statute addresses only the issue of evidence of dishonor and notice of dishonor. R.C. 1303.65. None of

these statutes, and therefore Evid.R. 902(9), stands for the proposition that a photocopy of a promissory note is self-authenticating.

{¶14} A review of the case law in Ohio indicates that, in order for a trial court to consider the content of a promissory note in a foreclosure action, that note must be properly authenticated and admitted into the record. The Sixth Appellate District held that an affidavit that failed to properly authenticate a promissory note in a foreclosure case precluded its consideration and prevented summary judgment in favor of the bank. *HSBC Mortg. Servs., Inc. v. Edmon*, 6th Dist. Erie No. E-11-046, 2012-Ohio-4990, ¶ 23; *see also BAC Home Loans Servicing v. Moore*, 5th Dist. Licking No. 12 CA 50, 2012-Ohio-6284, ¶ 27; *Wachovia Bank of Delaware v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶ 39, 53-57.

{¶15} In its complaint, Bank of America's only claim that Smith owed it money arises from its allegation that Smith breached the terms of the promissory note. And Bank of America failed to properly introduce the note into the record to support its motion for summary judgment. Therefore, summary judgment was improper as to that claim.

**The Mortgage**

{¶16} Similarly, Bank of America failed to produce an authenticated copy of the mortgage in support of its motion for summary judgment. As with the note, Bank of America argues for the first time on appeal that the mortgage was self-authenticating. In this instance, the bank claims that the mortgage was self-authenticating as a public record. We disagree.

{¶17} Evid.R. 1005 provides that "the contents of an official record * * * may be proved by copy, certified as correct in accordance with Rule 902, Civ.R. 44, Crim.R. 27 or testified to be correct by a witness who has compared it with the

original." For domestic public records, the certification will be sufficient if it bears an official seal and a signature purporting to be an attestation or execution. *State v. Dominguez*, 1st Dist. Hamilton No. C-980148, 1999 Ohio App. LEXIS 184 (Jan. 29, 1999). The certification "may be made by any public officer having a seal of office and having official duties in the political subdivision in which the record is kept, authenticated by the seal of his office." *Id.*

{¶18} In this case, there is nothing from the Hamilton County Recorder's office certifying that the photocopy was an accurate reproduction of the original. Therefore, it does not qualify for self-authentication pursuant to Evid.R. 902. Without an affidavit attesting to its authenticity, it was not properly before the trial court. Therefore the trial court erred when it considered the mortgage as evidence when it granted Bank of America's motion for summary judgment.

{¶19} Smith's first assignment of error is sustained.

**Reformation of the Mortgage Not Established**

{¶20} In its second assignment of error, Smith argues that the trial court erred by granting a judgment of foreclosure because Bank of America was not entitled to reformation of the mortgage when its predecessor was inexcusably negligent in its preparation. Bank of America argues that there was no negligence, but rather a simple scrivener's error in the description of the property in the mortgage. But, because the mortgage was not properly in the record, Bank of America failed to meet its initial burden to demonstrate that it was entitled to summary judgment. Solely for this reason, we sustain Smith's second assignment of error.

**Conclusion**

{¶21}   Without presenting sufficient admissible evidence to support the claims set forth in its foreclosure complaint, Bank of America failed to meet its initial burden to demonstrate that it was entitled to summary judgment.  Had Bank of America simply produced properly authenticated copies of the promissory note and mortgage, the outcome of this case may have been different.  But we must reverse the decision of the trial court granting summary judgment in favor of Bank of America, and remand this cause for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

**FISCHER, J.**, concurs in judgment only.
**DEWINE, J.**, concurs.

**DEWINE, J.**, concurring in judgment.

{¶22}   It is fundamental that "[d]ocuments that have not been sworn, certified, or authenticated by way of affidavit 'have no evidentiary value.' "  *Michell v. Internatl. Flavors & Fragrances, Inc.*, 179 Ohio App.3d 365, 2008-Ohio-3697, 902 N.E.2d 37, ¶ 17 (1st Dist.), citing *Lance Acceptance Corp. v. Claudio*, 9th Dist. Lorain No. 02CA008201, 2003-Ohio-3503, ¶ 15.  Simply attaching the note and mortgage to the complaint does not make them proper for consideration on summary judgment.  As a result, I concur with the conclusion reached in the lead opinion.

Please note:
The court has recorded its own entry on the date of the release of this opinion.