OPINION
{¶ 1} Plaintiff-Appellant, Frank Brown, Jr., pro se, appeals the judgment of the Seneca County Court of Common Pleas. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} In June of 2005, Brown, who is currently incarcerated, filed a complaint against Defendant-Appellee, Lindel Elaine Wiedner, Brown's sister, and Defendant-Appellee, Patrick Wiedner, Brown's brother-in-law (hereinafter collectively referred to as "Appellees"). In his complaint, Brown alleges that he granted a power of attorney to Elaine in January 2003 and asserts numerous claims against Appellees including: breach of fiduciary duty as power of attorney based on fraud, theft, theft by deception, unauthorized use of property, misuse of credit cards, defrauding creditors, hidden economic motives, and conversion.
 {¶ 3} On July 14, 2005, Brown filed numerous motions, including a request for admissions and interrogatories of Appellees and a motion for summary judgment. On August 12, 2005, Brown filed a motion to compel Appellees to answer his admissions and interrogatories and a notice of matters admitted by Appellees under Civ. R. 36(A).
 {¶ 4} On August 25, 2005, a pre-trial hearing was held, which Brown attended via telephone. After the pre-trial conference, a trial was set for February 8, 9, and 10, 2006.
 {¶ 5} On September 19, 2005, Brown filed a motion for summary judgment on matters admitted, which the trial court subsequently denied. On September 29, 2005, Appellees filed a motion to withdraw admissions. On October 13, 2005, Brown filed a motion to deny Appellees' motion to withdraw admissions. On October 24, 2005, the trial court granted Appellees' motion to withdraw admissions and permitted Appellees' to file their responses instanter.
 {¶ 6} On November 3, 2005, Brown filed a motion to compel discovery, which the trial court subsequently granted and ordered Appellees to comply "no later than December 29, 2005."
 {¶ 7} On December 19, 2005, the trial court granted Brown leave to appear at his jury trial either telephonically or by video, at his own expense.
 {¶ 8} On January 11, 2006, Brown filed a motion for contempt arguing that Appellees' failed to comply with the trial court's November 2005 order of discovery. That same date, Brown filed a motion for a writ of habeas corpus ad testificandum. The trial court denied both motions.
 {¶ 9} On February 2, 2006, Brown filed fifty-three exhibits with the trial court and, on February 6, 2006, filed a motion to modify the trial court's December 2005 entry to allow him to call the court or to have the court call him. Also, Appellees acquired legal counsel and, on February 6, 2006, filed a motion to dismiss and a motion for continuance.
 {¶ 10} On February 8, 2006, a jury trial was to be held via telephone, and Appellees and numerous subpoenaed witnesses were in attendance. Additionally, the trial court stated on the record:
 I made an attempt through the Seneca County Sheriff to transport [Brown.] They do not transport for civil cases. I then called the institution to see whether or not he would, in fact, be available telephonically for a couple of eight hour days and they indicated to me the answer was, no. However, it's now 10 of 9. The most recent court notice indicated that he was to appear, and in this particular case I would have allowed him to appear telephonically, at 8:30. This Court waits 15 minutes for anybody under local rule. He has failed to prosecute the case. The case is dismissed at his cost.
(Tr. pp. 2-3). Accordingly, the trial court dismissed Brown's complaint, under local rules, for failure to prosecute.
 {¶ 11} It is from the trial court's judgment that Brown appeals and sets forth ten assignments of error for our review.[1] For clarity of analysis, we will combine Brown's assignments of error and address assignments of error out of order where appropriate.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED BY NOT HOLDING HEARINGS ON PLAINTIFF'S MOTIONS.
 {¶ 12} In his first assignment of error, Brown asserts that the trial court erred when it failed to hold hearings and rule on some of his pretrial motions. Specifically, Brown asserts that the trial court erred in failing to afford him a hearing on his July 2005 motion for summary judgment. We disagree.
 {¶ 13} It is well settled that the trial court is not required to schedule an oral hearing in every motion for summary judgment. See Civ. R. 56; Doe v. Beach House Dev. Co. (2000), 136 Ohio App.3d 573,582-83. Civ. R. 56 sets forth the requirements for a party seeking summary judgment. Once the required record for summary judgment is provided, the trial court is free to rule upon the motion for summary judgment without conducting an oral hearing. Brown v. Akron BeaconJournal Publishing Co. (1991), 81 Ohio App.3d 135. Where either party requests an oral hearing on a motion for summary judgment, it is within the sound discretion of the trial court whether to grant or deny such a request. Potter v. Troy (1992), 78 Ohio App.3d 372; Gates Mills Invest.Co. v. Pepper Pike (1979), 59 Ohio App.2d 155.
 {¶ 14} Here, Brown failed to request an oral hearing on any of his pre-trial motions, including his motion for summary judgment. Accordingly, we cannot find that the trial court erred in failing to conduct an oral hearing on Brown's pre-trial motions, including his July 2005 motion for summary judgment.
 {¶ 15} Also, it is well settled that when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it.State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.,69 Ohio St.3d 217, 223, 1994-Ohio-92, citing Newman v. Al Castrucci Ford Sales,Inc. (1988), 54 Ohio App.3d 166. In addition, Brown has not expressed how he was prejudiced by the trial court's failure to rule on his remaining pretrial motions.
 {¶ 16} Accordingly, Brown's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ERRED BY VIOLATING THE JUDICIAL CODE OF CONDUCT.
 {¶ 17} In his second assignment of error, Brown argues that the judge violated various canons of judicial conduct and violated the local court rules.
 {¶ 18} The Board of Commissioners on Grievances and Discipline of the Supreme Court has jurisdiction over the alleged misconduct of judges. See Gov.Bar. R. V, §§ 1, 2.
 {¶ 19} Accordingly, Brown's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III THE TRIAL COURT ERRED BY NO FOLLOWING THE MANDATES AS PROVIDED, AND DEVIATING FROM, BY OHIO CIVIL RULES OF PROCEDURE, RULE 16.
 {¶ 20} In his third assignment of error, Brown maintains that the trial court erred when it filed a pre-trial conference order which stated matters had been covered which did not occur at the pretrial conference. Brown further maintains that the trial court did not cover the events that did in fact occur at the pretrial conference such as the trial court being rude to him and the trial court possibly engaging in ex-parte communications.
 {¶ 21} Civ. R. 16 provides in part: "The court may, and on the request of either party shall, make a written order that recites the action taken at the conference. The court shall enter the order and submit copies to the parties. Unless modified, the order shall control the subsequent course of the action."
 {¶ 22} In the case sub judice, the trial court made a written pre-trial conference order which states: "1. JURY TRIAL SET FOR:
February 8, 9 19, 2006. All parties and counsel to be present at 8:30 a.m. NOTE: All trial exhibits are to be marked prior to trial with plaintiffs exhibits being numbered consecutively and defendant's exhibits being lettered consecutively. 2. JURY INSTRUCTIONS TO BE FILED(on diskette with the court) AND EXCHANGED BY: January 3, 2006."
 {¶ 23} The record contains a pre-trial conference order. Brown contends that certain events occurred at the pre-trial conference which were not listed in the pretrial order and further asserts that events which did not occur were listed in the pretrial order. However, Brown has not pointed to any evidence in the record to show that the pre-trial conference order was inaccurate.
 {¶ 24} Accordingly, Brown's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. IV THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON MATTERS ADMITTED.
 ASSIGNMENT OF ERROR NO. V THE TRIAL COURT ERRED WHEN IT PERMITTED DEFENDANT(S) TO WITHDRAW ADMISSIONS DEEMED ADMITTED AND FAILED TO IMPOSE SANCTIONS FOR FAILURE TO COMPLY WITH THE REQUESTS OF DISCOVERY.
 {¶ 25} In his fourth assignment of error, Brown argues that the trial court erred in denying his motion for summary judgment on matters admitted. Specifically, Brown asserts that Appellees' failure to timely answer his July 2005 request for admissions and interrogatories provided admissions which would be the basis for granting summary judgment in his favor. In his fifth assignment of error, Brown essentially argues that the trial court erred when it allowed Appellees to withdraw the matters deemed admitted due to Appellees failure to timely answer his requests for admissions. Due to the nature of these assignments of error, we elect to address them together.
 {¶ 26} "It is * * * settled law in Ohio that unanswered requests for admission render the matter requested conclusively established for the purpose of the suit, Cleveland Trust Co. v. Willis (1985),20 Ohio St.3d 66, 20 OBR 364, 485 N.E.2d 1052, and a motion for summary judgment may be based on such admitted matter. Weva Oil Corp. v. Belco PetroleumCorp. (1975), 68 F.R.D. 663; Luick v. Graybar Elec. Co. (1973),473 F.2d 1360; First Natl. Bank Co. v. Ins. Co. (1979), 606 F.2d 760; St. PaulFire Marine Ins. Co. v. Battle (1975), 44 Ohio App.2d 261,73 O.O.2d 291, 337 N.E.2d 806. Failure to answer is not excused because the matters requested to be admitted are central or noncentral to the case or must be proven by the requesting party at trial. See Youssef v.Jones (1991), 77 Ohio App.3d 500, 602 N.E.2d 1176." Klesch v. Reid
(1994), 95 Ohio App.3d 664, 674; T S Lumber Co. v. Alta Constr. Co.,Inc. (1984), 19 Ohio App.3d 241, 243-244. "[W]here a party files a written request for admission[,] a failure of the opposing party to timely answer the request constitutes a conclusive admission pursuant to Civ. R. 36 and also satisfies the written answer requirement of Civ. R. 56(C) in the case of a summary judgment." Id. at 675.
 {¶ 27} However, Civ. R. 36(A)(1) provides that "the matter is admitted unless, within a period designated in the request, not less than twenty eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addresses to the matter signed by the party by the party's attorney." (Emphasis added). Furthermore, any matter admitted under Civ. R. 36 is "conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits. * * *." Civ. R. 36(B).
 {¶ 28} An appellate court reviews a trial court's grant of a motion to withdraw admissions under an abuse of discretion standard. Snyder v.Ford Motor Co., 3d Dist. No. 1-05-41, 2005-Ohio-6415, at ¶ 14, citingGraham v. Allen County Sheriffs Office, 3d Dist. No. 1-05-18,2005-Ohio-6415. Abuse of discretion implies the trial court was arbitrary, unreasonable, or unconscionable. Id. (Citations omitted).
 {¶ 29} Under Civ. R. 36(A) the party serving the request for admissions must designate the date for the response of not less than twenty-eight days from the service of the request. Civ. R. 36(A); Richardson v.Fairbanks Ltd. (Oct. 28, 1997), 10th Dist. No. 97APE03-384. However, Brown's request for admissions failed to designate a date by which Appellees were to answer his request.
 {¶ 30} When the requests for an admission do not contain a date for the response, the response may be served at anytime prior to the trial. See Richardson, supra. Consequently, the trial court did not abuse its discretion by granting Appellees' motion to withdraw admissions.
 {¶ 31} Accordingly, Brown's fifth assignment of error is overruled.
 {¶ 32} Having found that the trial court did not abuse its discretion by granting Appellee's motion to withdraw admissions, we cannot find that the trial court erred in denying Brown's motion for summary judgment on matters admitted.
 {¶ 33} Accordingly, Brown's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. VI THE TRIAL COURT ERRED WHEN IT FAILED TO USE SPECIFIC CRITERIA, ON THE RECORD, TO MAKE A DETERMINATION OF WHETHER PRISONERS PRESENCE WAS NECESSARY UNDER THE PARTICULAR CIRCUMSTANCES OF THE CASE.
 ASSIGNMENT OF ERROR NO. VIII THE TRIAL COURT ERRED WHEN IT PLACED STIPULATIONS, CONSTRAINTS, AND REQUIREMENTS UPON THE PLAINTIFF, IN ORDER TO EFFECTIVELY PROSECUTE THIS ACTION, WHICH HE COULD NOT COMPLY WITH.
 ASSIGNMENT OF ERROR NO. IX THE TRIAL COURT ERRED WHEN IT MADE THE `DECISION' TO CONVEY THE PLAINTIFF AND FAILED TO ISSUE AN ORDER AND WARRANT TO CONVEY.
 {¶ 34} In his sixth assignment of error, Brown claims that the trial court erred when it failed to use the criteria for determining whether his presence was necessary for the civil action. In his eight assignment of error, Brown asserts that the trial court erred when it allowed him to appear at trial either via telephone or video. In his ninth assignment of error, Brown asserts that the trial court erred when it failed to issue an Order and Warrant to Convey to the Seneca County Sheriff's Office to bring Brown to the court proceedings. Due to the nature of these assignments of error, we elect to address them together.
 {¶ 35} A prison inmate has no constitutional right to be conveyed to court for civil proceedings, and a judge has discretion to determine whether to grant such a motion, Mancino v. Lakewood (1987),36 Ohio App.3d 219, 221, and we will overturn the ruling only if there has been an abuse of that discretion. Nakoff v. Fairview Gen. Hosp.,75 Ohio St.3d 254, 256, 1996-Ohio-159.
 {¶ 36} The Mancino court listed a number of factors relevant to determining whether to grant a motion to convey, including:
 (1) whether the prisoner's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether he is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting the prisoner from his place of incarceration to the courthouse; (4) any potential danger or security risk the prisoner's presence might pose; (5) the substantiality of the matter at issue; (6) the need for an early resolution of the matter; (7) the possibility and wisdom of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the prisoner's interest in presenting his testimony in person rather than by deposition.
Mancino, 36 Ohio App.3d at 221-22. The Eighth District has subsequently held that the Mancino decision does not require a court to assess these factors on the record when the record sufficiently shows the basis of the analysis. E.B. v. T.J., 8th Dist. No. 86399, 2006-Ohio-441, at ¶ 19, citing In re Estate of Dezso (January 18, 2001), 8th Dist. No. 77903.
 {¶ 37} Here, in December 2005, Brown filed a motion to convey and/or to allow video or telephonic appearance, and the trial court denied Brown's motion to convey and granted Brown leave to appear either by telephone or by video, at his own expense. Additionally, on the record, the trial court noted that it attempted to have the Seneca County Sheriff transport him to the trial, but the Sheriff's office refused. Upon our review of the record, we cannot say that the trial court abused its discretion in failing to have Brown conveyed to the trial. Further, Brown moved to appear by telephone or video and any error based upon his ability to appear is invited error.
 {¶ 38} Accordingly, Brown's sixth, eight, and ninth assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. VII THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE A FINDING OF CONTEMPT AND/OR IMPOSE SANCTIONS ON DEFENDANT(S) FOR FAILURE TO COMPLY REQUESTS FOR DISCOVERY BY PLAINTIFF AND AS ORDERED BY THE TRIAL COURT.
 {¶ 39} Brown argues, in his seventh assignment of error, that the trial court erred by denying his motion for contempt and not imposing sanctions against the appellees for the appellees failure to comply with the trial court's discovery order.
 {¶ 40} An appellate court reviews a trial court's denial of sanctions under an abuse of discretion standard. Nakoff v. Fairview Gen.Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1. As previously noted, an abuse of discretion implies the trial court was arbitrary, unreasonable, or unconscionable. Ford Motor Co., supra.
 {¶ 41} Brown filed his motion for contempt on January 11, 2006, requesting the trial court find Appellees in contempt for failing to comply with the trial court's November 2005 discovery order. The trial court denied Brown's motion for contempt. After reviewing the record, we cannot find that the trial court abused its discretion in denying Brown's motion for contempt.
 {¶ 42} Accordingly, Brown's seventh assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. X THE TRIAL COURT ERRED WHEN IT DISMISSED PLAINTIFF'S ACTION FOR `FAILURE TO PROSECUTE' WITHOUT PRIOR NOTICE AS REQUIRED BY CIVIL RULES OF PROCEDURE, RULE 41(B)(1) AND LOCAL RULE 13.01 AND PRIOR TO COMPLETION OF DISCOVERY BY THE PARTIES INVOLVED.
 {¶ 43} Brown argues in his tenth assignment of error that a civil action may not be dismissed by the trial court without prior notice of dismissal and the trial court erred when it dismissed Brown's action for failure to prosecute without prior notice.
 {¶ 44} Seneca County Local Rule 13.03 provides, "The unexcused failure of an attorney and/or party to appear for a hearing at the scheduled time, may result, within the discretion of the Court, in subjecting the offending person to any appropriate sanctions, including dismissal of the case or the assessment of fines."
 {¶ 45} In the case sub judice, Brown did not appear telephonically for the trial at the scheduled time. The aforementioned Seneca County Local Rule provides notice to the parties that the unexcused failure to appear at the scheduled time could result in a dismissal. Consequently, we find that Brown received prior notice of the possibility of dismissal and that the trial court did not abuse its discretion in dismissing Brown's action.
 {¶ 46} According, Brown's tenth assignment of error is overruled.
 {¶ 47} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, J., concurs.
 ROGERS, J., concurs in judgment only.
 r
[1] We note that Apellees failed to file an appellate brief in this case. Pursuant to App. R. 18(C), this court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."