[Cite as *HSBC Mtge. Servs., Inc. v. Watson*, 2015-Ohio-221.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

HSBC MORTGAGE SERVICES, INC.,

    PLAINTIFF-APPELLEE,

                                CASE NO. 11-14-03

    v.

PAMELA J. WATSON, ET AL.,

    DEFENDANTS-APPELLANTS,
    -AND-                        O P I N I O N

TREASURER OF PAULDING COUNTY,

    DEFENDANT-APPELLEE.

---

**Appeal from Paulding County Common Pleas Court**
**Trial Court No. CI 12178**

**Judgment Reversed and Cause Remanded**

**Date of Decision:   January 26, 2015**

---

APPEARANCES:

    *George C. Rogers* **for Appellants**

    *Rachel M. Kuhn* **for Appellee**

**PRESTON, J.**

{¶1} Defendants-appellants, Pamela J. Watson ("Watson"), now known as Pamela Lambert, and William L. Lambert ("Lambert"), appeal the April 18, 2014 judgment entry of the Paulding County Court of Common Pleas granting foreclosure in favor of plaintiff-appellee, HSBC Mortgage Services, Inc. ("HSBC"). For the reasons that follow, we reverse.

{¶2} On August 22, 2012, HSBC filed a complaint for foreclosure against Watson, Lambert, and the Paulding County Treasurer. (Doc. No. 1). In it, HSBC averred that it was "the holder of a certain promissory note" executed by Watson and "the holder of a certain mortgage deed, securing the payment of said promissory note" and that Watson was in default. (*Id.*). HSBC attached copies of the note and the mortgage to its complaint. (*Id.*).

{¶3} Watson and Lambert filed their answer on December 13, 2012. (Doc. No. 23).

{¶4} On April 29, 2013, HSBC filed a motion for summary judgment. (Doc. No. 27). Attached to HSBC's motion was an "affidavit of amount due," executed by Heather Burgos ("Burgos"), in which Burgos stated, among other things, that HSBC "is in possession of the original promissory note," which is secured by a mortgage, that HSBC mailed a "notice of right to cure default" to

Watson, that "[t]he default has not been cured," and that as of March 28, 2013, $96,670.33 was owed. (Burgos Aff., ¶ 3-7, Doc. No. 27, attached).

{¶5} On May 8, 2013, the trial court filed a journal entry, which established a discovery cutoff date of June 21, 2013 and ordered that the defendants respond to HSBC's motion for summary judgment by July 5, 2013 and that HSBC reply to the defendants' responses by July 15, 2013. (Doc. No. 28).

{¶6} On May 24, 2013, Watson served discovery requests on HSBC, including requests for admissions. (*See* Doc. No. 31, Ex. A).

{¶7} On June 28, 2013, the trial court granted HSBC's motion for additional time to respond to Watson's discovery requests, ordering that HSBC respond to the discovery requests by July 23, 2013. (Doc. No. 30).

{¶8} On July 1, 2013, Watson moved "to extend the date for Watson to respond to the summary judgment motion until seven days following HSBC's response to [her] discovery request." (Doc. No. 31).

{¶9} HSBC failed to respond to Watson's discovery requests by July 23, 2013. (*See* Doc. Nos. 32, 37).

{¶10} On August 2, 2013, Watson filed a memorandum in opposition to HSBC's motion for summary judgment combined with her own motion for

summary judgment.[1] (Doc. No. 32). In it, Watson relied on the admissions of HSBC—deemed admitted by HSBC's failure to respond to Watson's requests for admissions—including that "HSBC does not have possession of the original note, Exhibit A to the Complaint," and that "Burgos did not personally observe the original note prior to executing the April 10, 2013 affidavit attached to" HSBC's motion for summary judgment. (*Id.*). Watson attached a copy of her discovery requests to her August 2, 2013 combined filing. (*Id.*, Ex. A).

{¶11} On August 9, 2013, HSBC filed a "notice of service of [HSBC's] responses to [Watson's] discovery requests," stating that it served responses to Watson's discovery requests on August 8, 2013. (Doc. No. 34). Also that day, HSBC filed a motion for additional time, until August 30, 2013, to respond to Watson's August 2, 2013 combined filing. (Doc. No. 33). The trial court granted HSBC's motion for additional time on August 12, 2013. (Doc. No. 35). On August 16, 2013, the trial court ordered that HSBC respond by August 30, 2013 and that "[d]efendants" reply to HSBC's response by September 13, 2013. (Doc. No. 36).

---

[1] The trial court did not rule on Watson's July 1, 2013 motion before her July 5, 2013 response deadline or before she filed her August 2, 2013 combined filing. However, in an August 16, 2013 journal entry, the trial court stated, "THIS CAUSE came on for consideration upon the filing of Pamela J. Watson's Memorandum Contra the HSBC Motion for Summary Judgment and Motion for Summary Judgment *received herein*." (Capital emphasis sic; italics emphasis added.) (Doc. No. 36). The trial court proceeded in that entry to set filing deadlines in response to Watson's August 2, 2013 combined filing. The parties do not raise the issue of the timeliness of Watson's August 2, 2013 combined filing, so we will not address it in this appeal.

**{¶12}** On August 30, 2013, HSBC filed its "combined reply brief in support of its motion for summary judgment; opposition to [Watson's] motion for summary judgment; and [HSBC's] Civ.R. 36(B) motion to withdraw requests for admission deemed admitted." (Doc. No. 37). In its filing, HSBC suggested that its failure to respond to Watson's discovery requests "was due to inadvertent error by the office of HSBC's counsel." (*Id.*). HSBC also argued that the admissions were "irrelevant or contrary to evidence already presented in this case." (*Id.*). HSBC continued, "This matter is more appropriately decided upon the merits, rather than mere procedural technicalities." (*Id.*).

**{¶13}** On September 12, 2013, Watson filed her "memorandum contra motion to be reviewed [sic] from admissions, and reply memorandum re: summary judgment." (Doc. No. 38). Watson argued, among other things, that unexplained "inadvertent error" is not a permissible ground to allow the withdrawal of admissions and that "the Watsons" would be prejudiced if the trial court allowed HSBC to withdraw its admissions because the discovery cutoff date had passed by the time HSBC responded to Watson's discovery requests, foreclosing the possibility of depositions of HSBC officers. (*Id.*).

**{¶14}** On February 12, 2014, the trial court issued an "order granting [HSBC's] motion for summary judgment and motion to withdraw requests for admissions deemed admitted and denying [Watson's] motion for summary

judgment." (Doc. No. 39). The one-page order was submitted to the trial court by HSBC's counsel, and the trial court did not explain its decision. (*See id.*).

{¶15} On April 18, 2014, the trial court issued its judgment entry ordering the property foreclosed and sold. (Doc. No. 40).

{¶16} On May 16, 2014, Watson and Lambert filed a notice of appeal.[2] (Doc. No. 43). They raise three assignments of error for our review. Because it is dispositive, we address Watson and Lambert's first assignment of error.

### Assignment of Error No. I

**The trial court erred in granting Plaintiff's Civ. R. 36(B) motion to withdraw admissions deemed admitted.**

{¶17} In their first assignment of error, which they combine with their second assignment of error in their brief, Watson and Lambert argue that they were prejudiced by the trial court's decision to grant HSBC's Civ.R. 36(B) motion without reopening discovery and giving them an opportunity "to obtain discovery to use in lieu of" the admissions. (Appellants' Brief at 10). They also argue that in a consent decree issued in another case, HSBC admitted that it filed affidavits not based on personal knowledge and litigated foreclosure proceedings without confirming possession of promissory notes—admissions that Watson and Lambert

---

[2] Although both Watson's and Lambert's names appear on the notice of appeal, it appears that—aside from the answer, which also mentions both Watson and Lambert—Watson and Lambert referred to themselves in their trial-court filings simply as "Watson." They did so in their brief in this appeal as well. (*See* Appellants' Brief at 4). HSBC does not suggest otherwise. Accordingly, throughout this opinion, we will refer simply to "Watson" whenever Watson and Lambert did so in their filings in the trial court.

say raise issues that are essential to explore in requests for admissions or depositions. Finally, Watson and Lambert argue that the trial court should not have granted HSBC's Civ.R. 36(B) motion because HSBC failed to produce the original note, did not object to or rebut the request for admission regarding lack of authority to execute the assignment of the mortgage securing the note, and the notice of default did not comply with the notice requirements in the note. For these reasons, Watson and Lambert argue, the trial court erred.

{¶18} Civ.R. 36 governs requests for admissions, including the withdrawal and amendment of admissions, and provides, in part:

(A) * * * A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * *

(1) * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party

> requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. * * *
>
> (B) Effect of admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Civ. R. 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits.

Civ.R. 36. *See also State ex rel. Davila v. Bucyrus*, 194 Ohio App.3d 325, 2011-Ohio-1731, ¶ 22 (3d Dist.). "'A request for admission can be used to establish a fact, even if it goes to the heart of the case. This is in accord with the purpose of the request to admit—to resolve potentially disputed issues and thus to expedite the trial.'" *Davila* at ¶ 23, quoting *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985). A party's failure to timely respond to a request for admission results in the matter being automatically admitted under Civ.R. 36(A). *Id.* at ¶ 28. *See also* Civ.R. 36(A)(1) (stating that the failure to timely respond to a request for admission means "[t]he matter is admitted").

{¶19} "'Any matter admitted under Civ.R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission.'" *Davila* at ¶ 24, quoting *Willis* at 67. "The word 'conclusively' establishes that evidence may not be used to contradict an admission made pursuant to Civ.R. 36." *Crespo v. Harvey*, 2d Dist. Montgomery No. 25861, 2014-Ohio-1755, ¶ 7, citing 1970 Advisory Committee Note, Fed.R.Civ.P. 36 ("The new provisions give an admission a conclusively binding effect, for purposes only of the pending action, unless the admission is withdrawn or amended.").

{¶20} "A trial court may permit withdrawal of an admission if it will aid in presenting the merits of the case and the party who obtained the admission fails to demonstrate that withdrawal will prejudice him in maintaining his action." *Davila* at ¶ 24, citing *Willis* at 67. "If these two prerequisites are satisfied, then, and only then, the trial court *may* permit the modification or withdrawal of the deemed admissions * * *." (Emphasis sic.) *Crespo* at ¶ 29 (Fain, J., concurring). *See also id.* at ¶ 10 ("There is a two-prong test for determining whether a trial court may allow a withdrawal or an amendment to a previous admission."); *S.K. Constr. Co., Inc. v. L & K Indus. Painting Contrs., Inc.*, 2d Dist. Greene No. 98 CA 11, 1998 WL 770255, *3 (Nov. 6, 1998) (noting that "both of the two criteria in Civ.R. 36(B) must be met before relief from admissions may be considered"); *CitiMortgage, Inc. v. Beam*, 7th Dist. Mahoning No. 13 MA 62, 2014-Ohio-3809,

¶ 15 (describing "the elements of the two part test" found in Civ.R. 36(B)); *Abuhilwa v. Corr. Med. Ctr.*, 10th Dist. Franklin No. 08AP-642, 2008-Ohio-6915, ¶ 10-14 (analyzing whether the "two-part test" of Civ.R. 36(B) was satisfied). "Civ.R. 36(B) 'emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.'" *Davila* at ¶ 24, quoting *Willis* at 67.

{¶21} "A trial court's decision on a motion to withdraw admissions will not be disturbed on appeal absent an abuse of discretion." *Id.*, citing *Brown v. Weidner*, 3d Dist. Seneca No. 13-06-08, 2006-Ohio-6852, ¶ 28. "'Abuse of discretion' implies that the trial court was arbitrary, unreasonable, or unconscionable." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶22} In this case, because Watson demonstrated that, without the opportunity to conduct additional discovery, withdrawal of HSBC's admissions would prejudice her in maintaining her defense on the merits, the trial court abused its discretion when it granted HSBC's motion to withdraw its admissions without allowing Watson to conduct additional discovery. We begin our analysis by examining the summary-judgment standard and the substantive law governing HSBC's foreclosure action to determine whether any of the matters conclusively

established by HSBC's admissions, on which Watson relied in her memorandum in opposition to HSBC's motion for summary judgment, precluded summary judgment in favor of HSBC.

{¶23} Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994). "The substantive law underlying the claims provides the framework for reviewing motions for summary judgment, both with respect to whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law." *Darno v. Davidson*, 9th Dist. Summit No. 26760, 2013-Ohio-4262, ¶ 5, citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986) and *Burkes v. Stidham*, 107 Ohio App.3d 363, 371 (8th Dist.1995).

{¶24} "To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions

precedent have been met; and (5) the amount of principal and interest due." *Wright-Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 10, citing *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 26 and *Wachovia Bank of Delaware v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3202, ¶ 40-45.

{¶25} "Ohio's version of the Uniform Commercial Code governs who may enforce a note[,] * * * including promissory notes secured by mortgages on real estate." *HSBC Mtge. Servs., Inc. v. Edmon*, 6th Dist. Erie No. E-11-046, 2012-Ohio-4990, ¶ 26. An allonge attached to the note in this case contains the following blank indorsement:

PAY TO THE ORDER OF:

_____
WITHOUT RECOURSE

/s/ Hope N. Gausmann
Hope N Gausmann
Assistant Secretary
Accredited Home Lenders, Inc., A California Corporation

(Burgos Aff., ¶ 3, Ex. B, Doc. No. 27, attached). A "blank indorsement" is "an indorsement that is made by the holder of the instrument and that is not a special indorsement."[3] R.C. 1303.25(B). "When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of

---

[3] A "special indorsement" is "an indorsement that is made by the holder of an instrument * * * and that identifies a person to whom it makes the instrument payable." R.C. 1303.25(A).

Case No. 11-14-03

possession alone until specially indorsed." *Id. See also Wells Fargo Bank, N.A. v. Byers*, 10th Dist. Franklin No. 13AP-767, 2014-Ohio-3303, ¶ 14 ("A blank indorsement makes the instrument payable to the bearer pursuant to R.C. 1303.25(B)."). "A 'holder' includes a person who is in possession of an instrument payable to bearer." *BAC Home Loans Servicing, L.P. v. Haas*, 3d Dist. Marion No. 9-13-40, 2014-Ohio-438, ¶ 27, citing *U.S. Bank Natl. Assn. v. Kamal*, 7th Dist. Mahoning No. 12 MA 189, 2013-Ohio-5380, ¶ 18 and R .C. 1301.01(T)(1)(a).[4] *See also Edmon* at ¶ 26, fn. 3.

**{¶26}** In this case, Burgos stated in her affidavit, "The Plaintiff is in possession of the original promissory note and/or loan agreement ("Note") for this Loan, bearing the date of 11/24/2004, in which the Defendant(s) PAMELA J WATSON promised to pay the sum of $79,500.00." (Burgos Aff., ¶ 3, Doc. No. 27, attached). However, by failing to respond to Watson's requests for admissions, HSBC admitted that "HSBC does not have possession of the original note, Exhibit A to the Complaint." (Doc. No. 32, Ex. A). Demonstrating possession of the note—or alternatively, entitlement to enforce the note—is a prerequisite to obtaining summary judgment in a foreclosure action, and a plaintiff's inability to demonstrate possession of the note or entitlement to enforce

---

[4] "R.C. 1301.01 was repealed by Am.H.B. No. 9, 2011 Ohio Laws File 9, effective June 29, 2011. That act amended and renumbered the provisions of Chapter 1301 of the Ohio Revised Code so that the definitions section of the Uniform Commercial Code now appear [sic] at R.C. 1301.201." *Bank of Am. v. Vaught*, 12th Dist. Clermont No. CA2013-11-085, 2014-Ohio-3383, ¶ 13, fn. 1. Because R.C. 1301.201 applies only to transactions entered on or after June 29, 2011, we apply R.C. 1301.01 to this appeal.

it will preclude summary judgment. *See Bank of Am., N.A. v. Loya*, 9th Dist. Summit No. 26973, 2014-Ohio-2750, ¶ 15; *Bank of New York Mellon Trust Co. Natl. v. Mihalca*, 9th Dist. Summit No. 25747, 2012-Ohio-567, ¶ 14, 18. Therefore, before the trial court granted HSBC's motion to withdraw its admissions, HSBC's admission, conclusively establishing that it did not possess the note, precluded summary judgment in its favor.

{¶27} We also agree with Watson that HSBC's admission that "Burgos did not personally observe the original note prior to executing the April 10, 2013 affidavit attached to the summary judgment motion in this case" precluded summary judgment in HSBC's favor. (Doc. No. 32, Ex. A). In another case to which HSBC was a party, the Sixth District Court of Appeals concluded that a genuine issue of fact remained as to whether the affiant—who testified in her deposition that she did not compare a copy of the note with the original—was a "witness with knowledge" under Evid.R. 901(B)(1) who could authenticate the note in her affidavit. *Edmon*, 2012-Ohio-4990, at ¶ 16-24. *See also Bank of Am. v. Smith*, 1st Dist. Hamilton No. C-130306, 2014-Ohio-2845, ¶ 15 (citing *Edmon* and concluding that "summary judgment was improper" because "Bank of America failed to properly introduce the note into the record to support its motion for summary judgment"). In this case, HSBC's admission that Burgos did not personally observe the original note before executing her affidavit conclusively

established that Burgos did not properly authenticate the note for the purpose of establishing that HSBC is the holder of the note.

**{¶28}** HSBC argues that "[m]any" of its admissions "were irrelevant or contrary to admissible evidence already presented by HSBC in establishing that it was entitled to summary judgment." (Appellee HSBC's Brief at 5). First, HSBC cites no rule or case supporting the proposition that a party may not request an admission that contradicts an affidavit already offered by an opposing party, and we have found no such rule or case. Second, HSBC's argument ignores that any matter admitted under Civ.R. 36 "is conclusively established" and that "evidence may not be used to contradict an admission made pursuant to Civ.R. 36." Civ.R. 36(B); *Crespo*, 2014-Ohio-1755, at ¶ 7. Third, HSBC failed to address in its brief Watson and Lambert's argument that they were prejudiced by the trial court's decision to allow HSBC to withdraw its admissions without allowing Watson to conduct additional discovery.

**{¶29}** For the reasons above, Watson demonstrated that the matters conclusively established by at least two of HSBC's admissions precluded summary judgment in HSBC's favor. (*See* Doc. No. 38). Watson also demonstrated that because the discovery cutoff date had passed, she would be prejudiced if the trial court granted HSBC's motion to withdraw its admissions without allowing additional discovery. (*See id.*). Therefore, we hold that by

granting HSBC's motion to withdraw its admissions—and thereby removing conclusively established matters that would have otherwise precluded summary judgment—*without allowing Watson to conduct additional discovery*, the trial court abused its discretion. *See Heiland v. Smith*, 9th Dist. Lorain No. 11CA010137, 2013-Ohio-134, ¶ 17 (concluding that, in a case in which the plaintiff relied on admissions of the defendants in opposing the defendants' motion for summary judgment after the close of discovery, "[t]he trial court's decision to grant the defendants' motion to amend their admissions after [the plaintiff] had opposed summary judgment in reliance on the admissions was unreasonable * * *").[5]

{¶30} Based on our conclusion that the trial court abused its discretion in granting HSBC's Civ.R. 36(B) motion because Watson demonstrated that she would be prejudiced by the withdrawal, we need not and do not address the second prong of Civ.R. 36(B)'s two-part test—namely, whether withdrawal of the admissions would aid in presenting the merits of the case. Nor do we address whether HSBC was required to demonstrate that its failure to timely respond to Watson's requests for admissions was based on "compelling circumstances," or

---

[5] While we agree with the Ninth District's conclusion in *Heiland* that "[t]he trial court's decision to grant the defendants' motion to amend their admissions after [the plaintiff] had opposed summary judgment in reliance on the admissions was unreasonable," we decline to conclude, as the Ninth District did, that the trial court's "simultaneous award of summary judgment based upon the amended admissions was improper." As we will explain below under our discussion of Watson and Lambert's second and third assignments of error, we need not and do not address the propriety of the trial court's granting HSBC's motion for summary judgment and denying Watson's motion for summary judgment.

whether HSBC's simply claiming "inadvertent error" satisfied the "compelling circumstances" standard. *Compare Crespo*, 2014-Ohio-1755, at ¶ 21 (concluding that "Civ.R. 36(B) * * * does not make compelling circumstances an issue") *with Whitehouse v. Customer is Everything!, Ltd.*, 11th Dist. Lake No. 2007-L-069, 2007-Ohio-6936, ¶ 34 ("[A]ppellants must set forth 'compelling circumstances' to justify their failure to respond to the request for admissions."). Finally, we need not and do not address the additional issues Watson and Lambert raise under their first assignment of error—namely, production of the original note, authority to execute the assignment of the mortgage, and the adequacy of the notice of default.

**{¶31}** However, one additional point bears mentioning. In its brief, HSBC suggests that its failure to timely respond to Watson's requests for admissions "was due to inadvertent error" and somehow Watson's counsel's fault, arguing, "Counsel for Appellants did not reach out to counsel for HSBC to discuss the pending discovery or follow up on its status prior to having the Requests for Admissions deemed admitted." (Appellee HSBC's Brief at 5). HSBC also argues that to decide this appeal in Watson and Lambert's favor would allow the "case to be decided on a procedural technicality." (*Id.* at v).

**{¶32}** We find HSBC's arguments egregious, especially considering HSBC received additional time to respond to Watson's requests for admissions. Under Civ.R. 36, it was HSBC's responsibility—not Watson's—to timely respond to

-17-

Watson's requests for admissions. "[The appellee] 'fails to realize that the civil rules, even those [it] finds distasteful, are in fact the law.'" *L.E. Sommer Kidron, Inc. v. Kohler*, 9th Dist. Wayne No. 06CA0044, 2007-Ohio-885, ¶ 53, quoting *GMAC Mtge. Corp. v. Titch*, 9th Dist. Medina No. 04CA0012-M, 2005-Ohio-868, ¶ 24. Moreover, "[t]his court is aware of the realities of the secondary mortgage market but we must apply the Rules of Civil Procedure and Evidence set forth by the Ohio Supreme Court." *Jackson*, 2011-Ohio-3202, at ¶ 58. In short, "'[a]s [Watson] followed the applicable civil rules, [she was] justified in relying upon [HSBC's] admission and should not be prejudiced by that reliance.'" *Heiland*, 2013-Ohio-134, at ¶ 17, quoting *Kohler* at ¶ 53.

{¶33} Watson and Lambert's first assignment of error is sustained.

**Assignment of Error No. II**

**The trial court erred in granting judgment to Plaintiff summarily without reopening discovery in light of Defendants' prior outstanding motion for discovery time to respond if Plaintiff would timely respond to discovery requests.**

**Assignment of Error No. III**

**The trial court erred in failing to grant Defendant's motion for summary judgment based upon the facts of record and admissions of Plaintiff.**

{¶34} In their second assignment of error, Watson and Lambert make the same arguments that they make under their first assignment of error, including that the trial court erred by concurrently allowing HSBC to withdraw its admissions

and granting summary judgment in HSBC's favor without allowing them the opportunity to conduct additional discovery. In their third assignment of error, Watson and Lambert argue that they were "clearly entitled to Summary Judgment dismissing the Complaint" because HSBC "did not have possession of the original note," "did not have an authorized assignment of mortgage," and "did not have a valid Notice of Default and Acceleration letter as a condition precedent to bringing the Complaint" and because "HSBC had not alleged in the Complaint that Watson had actually executed the note nor submitted any proof that she had done so." (Appellants' Brief at 15-16).

{¶35} We held above that the trial court abused its discretion by granting HSBC's motion to withdraw its admissions without allowing Watson to conduct additional discovery. The trial court's rulings on the parties' motions for summary judgment were based on its erroneous discovery order granting HSBC's motion to withdraw its admissions without allowing Watson to conduct additional discovery. In light of the erroneous discovery order, ruling on either party's motion for summary judgment was premature. Therefore, Watson and Lambert's second and third assignments of error have been rendered moot, and we decline to address them. App.R. 12(A)(1)(c). *See also Aetna Life Ins. Co. v. Everhardt*, 6th Dist. Lucas No. L 89-251, 1990 WL 97693, *2 (July 13, 1990).

**{¶36}** "When a judgment is reversed and remanded for further proceedings, the trial court may take up the matter at the point where the first error was committed." *In re C.P.*, 187 Ohio App.3d 246, 2010-Ohio-346, ¶ 19 (10th Dist.). "The effect of a reversal and an order of remand is to reinstate the case to the docket of the trial court in precisely the same condition that obtained before the error occurred." *Wilson v. Kreusch*, 111 Ohio App.3d 47, 51 (2d Dist.1996).

**{¶37}** On remand for further proceedings consistent with this opinion, the trial court may proceed in any number of ways, including, for example, reopening discovery, allowing additional motions concerning discovery, and allowing the resubmission of motions for summary judgment. *See Nester v. Lima Mem. Hosp.*, 139 Ohio App.3d 883, 889 (3d Dist.2000) ("It is well established that the management of discovery lies within the broad discretion of the trial courts."), citing *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 57 (1973); *Cooper v. Valvoline Instant Oil Change*, 10th Dist. Franklin No. 07AP-392, 2007-Ohio-5930, ¶ 7 ("[I]t is within the trial court's discretion to grant leave to file a motion for summary judgment even when the action has been set for trial."), citing *Detray v. Mt. Carmel Health*, 10th Dist. Franklin No. 96APE08-1010, 1997 WL 189333 (Apr. 17, 1997).

{¶38} Having found error prejudicial to the appellants herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, J., concurs.**

**/jlr**

**ROGERS, P.J., concurs separately.**

{¶39} While I concur with the analysis of the majority in which they find that the trial court abused its discretion in granting HSBC's Civ.R. 36 motion, I write separately to emphasize one point. The majority states that on remand, "the trial court may proceed in any number of ways, including, for example, reopening discovery, allowing additional motions concerning discovery, and allowing the resubmission of motions for summary judgment." (Majority Opin., ¶ 37). Thus, on remand, HSBC's admissions will be deemed admitted unless HSBC takes a positive step to withdraw them. The trial court has the discretion to deny either party's motion to reopen discovery, and decide the summary judgment motions based on HSBC's admissions that are, at this point in time, deemed admitted. It also has the ability, under the majority's analysis, to reopen discovery, which would give HSBC yet another chance to file yet another motion to withdraw its

admissions.[6]   Even if HSBC files a motion to withdraw admissions and can prove that both prongs of Civ.R. 36(B) are satisfied, the trial court still has the discretion to deny HSBC's motion.

{¶40} Under Civ.R. 36(B), "the court *may* permit withdrawal * * * when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal * * * will prejudice the party in maintaining his action or defense on the merits." (Emphasis added.)  "[G]iven the use of the word 'may' in Civ.R. 36(B), the trial court is not automatically required to withdraw admissions if all the requirements under the rule are satisfied." *Cotrill v. Noah Transp., L.L.C.*, 2d Dist. Miami No. 2014-CA-2, 2014-Ohio-2098; *see also Colopy v. Nationwide Ins. Co.*, 9th Dist. Summit No. 17019, 1995 WL 500061, *2 (Aug. 23, 1995) ("[Civ.R. 36(B)] does not mandate withdrawal of admissions whenever the merits are subserved and prejudice is not demonstrated; the rule states that the court 'may' permit withdrawal or amendment.").

---

[6] By my account, in this hypothetical situation, it would be HSBC's *third* motion to withdraw admissions deemed admitted.  Although HSBC's June 27, 2013 motion was captioned as a "motion for extension to respond to defendant's discovery requests" it was actually a motion to withdraw admissions deemed admitted.  Pursuant to Watson's discovery requests, and the Ohio Civil Rules of Procedure, HSBC was required to respond to Watson's request for admissions on June 21, 2013, but it did not.  Therefore at that point in time, HSBC should not have been asking for an extension for time, as their deadline had already passed, but instead, should have been asking to modify or withdraw its admissions.

{¶41} In exercising its discretion to deny or grant a motion to withdraw admissions, a trial court should consider all circumstances involving the motion including the culpability of the negligent party.

> If the culpability of the negligent party is great, perhaps because the party has demonstrated a pattern of indifference to discovery and to orders of the court, and the inconvenience to the trial court and to the adverse parties is great * * * then the sound exercise of discretion would lead a reasonable trial court to overrule a motion to modify or withdraw deemed admissions.

*Crespo v. Harvey*, 2d Dist. Montgomery No. 25861, 2014-Ohio-1755, ¶ 31. Therefore, while Civ.R. 36(B) may not "require a movant to demonstrate compelling circumstances for failing to timely respond to a request for admissions, the trial court may consider whether there is a justifiable excuse for the failure, as well as any other pertinent facts, when considering the culpability of the party that failed to respond." *Cottrill* at ¶ 10.

{¶42} I agree with the majority's statement that HSBC's actions in this case are "egregious." (Majority Opin., ¶ 32). On May 24, 2013, Watson served her request for admissions on HSBC. Instead of timely answering the request for admissions, HSBC failed to answer by the deadline. Instead of asking the court to modify or withdraw its admissions, it incorrectly asked the court for an extension of time. The trial court and Watson graciously allowed HSBC additional time to respond to Watson's simple discovery requests, but HSBC once again failed to respond to the admissions. Even on appeal, HSBC does not accept

responsibility for its negligent behavior nor does it offer this court a satisfactory answer for not timely responding to the request for admissions. Instead, HSBC claims there was an "inadvertent error" by its counsel and then, unbelievably, tries to shift the blame on Watson. This only further demonstrates HSBC's lack of understanding, or perhaps its disregard, for the Ohio Rules of Civil Procedure. I remind HSBC that "[e]ach rule [of civil procedure] is intended to serve a particular purpose and a party who makes a conscious effort to ignore the rules does so at his own peril." *Klesch v. Reid*, 95 Ohio App.3d 664, 675 (8th Dist.1994). Further, the "behavior of a party's attorney generally will be imputed to his or her client." *Neely v. Capra*, 11th Dist. Lake Nos. 2001-L-035, 2001-L-080, 2002 WL 331953, *3 (Mar. 1, 2002). This is because the client " 'voluntarily chose this attorney as his representative in the action, and he cannot * * * avoid the consequences of the acts or omissions of this freely selected agent.' " *BTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 152 (1976), quoting *Link v. Wabash RR. Co.*, 370 U.S. 626, 633-634, 82 S.Ct. 1386 (1962). Thus, HSBC must suffer the consequences of its counsel's deficiencies and has recourse in an action for legal malpractice.

{¶43} In conclusion, I can only think what the result would be if the roles were reversed. What if it were Watson who missed her deadline to respond to a discovery request, and offered no explanation as to her negligence. Would the

trial court have been so forgiving and accommodating toward her failure to follow basic civil procedures? I think not. The civil rules apply to all equally. HSBC chose to ignore those rules. They should face the consequences, not have another opportunity to adequately respond to a simple request. I would reverse and remand with instructions to vacate the judgment granted to HSBC and, based on the conclusive admissions by HSBC, grant summary judgment to Watson and dismiss the complaint.